**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| Healing with Hyperbarics of North Dakota, PLLC, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Allan Luistro, M.D., et al., | ) ) | Case No. 3:25-cv-62 |
| Defendants. | ) ) | |

Plaintiff Healing with Hyperbarics of North Dakota, PLLC, filed a motion to dismiss without prejudice under Federal Rule of Civil Procedure 41(a)(2). Doc. 25. Defendants Dr. Allan Luistro and The Swanson Foundation oppose the motion (Doc. 29) and argue the dismissal should be with prejudice.

Rule 41(a)(2) authorizes voluntary dismissals "on terms that the court considers proper" after a defendant has served its answer. Fed. R. Civ. P. 41(a)(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." Great Rivers Coop. of SE Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999). Courts "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 727 (8th Cir. 2014).

Some time ago, the Eighth Circuit Court of Appeals explained that the purpose of Rule 41(a)(2) is to primarily prevent voluntary dismissals that unfairly affect the other side. See Palucci v. City of Duluth, 826 F.2d 780 (8th Cir. 1987). In Paulucci, the Eighth Circuit noted that "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting

from a subsequent lawsuit." Id. The Eighth Circuit explained that the "types of prejudice which might support denial of a motion for voluntary dismissal" are: "(1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) the prejudice resulting from uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal." Id. at 783.

The Defendants largely point to a failure of proof in opposing the Plaintiff's motion to dismiss without prejudice. Doc. 29. They are also fairly concerned about the ongoing threat of future litigation. While quite sympathetic to the Defendants' concerns, binding precedent dictates that the threat of a subsequent lawsuit does not establish sufficient prejudice to deny a motion to dismiss under Rule 41(a)(2). See Palucci, 780 at 783. Given that, and without more, dismissal without prejudice is appropriate under Rule 41(a)(2).

After careful review and consideration, the Plaintiff's motion to dismiss without prejudice under Rule 41(a)(2) (Doc. 25) is **GRANTED**. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, and the case is closed.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 8th day of June, 2026.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court

2